**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **BP p.l.c.**, and **BP AMERICA INC.**, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**BP PROD. CORP.**, )<br>)<br>Defendant. )<br>) | Civil Action No. _____ |

**COMPLAINT**

This action is a renewal of an action that Plaintiffs, BP p.l.c. and BP America Inc. (collectively, "BP"), previously filed against Defendant, BP Prod. Corp. ("BP Prod."), alleging trademark infringement, unfair competition, and dilution under the federal Lanham Act, as well as violations of related Texas state laws. The prior action, which was before Judge Sidney A. Fitzwater and assigned Case No. 3:13-cv-00380-D, was voluntarily dismissed without prejudice by BP pursuant to a settlement agreement. This renewed action adds a claim for breach of contract, as BP Prod. has violated the terms of the parties' settlement agreement, and its trademark infringement has continued.

**PARTIES**

1. Plaintiff BP p.l.c. is a United Kingdom limited liability company located and doing business at 1 St. James's Square, London SW1Y 4PD, United Kingdom.

2. Plaintiff BP America Inc. ("BP America") is a Delaware corporation with its principal place of business at 501 Westlake Park Boulevard, Houston, Texas 77079.

3. BP America is a wholly owned subsidiary of BP p.l.c.

4. Defendant, BP Prod. Corp., is a Texas corporation residing in this judicial district, at 12001 N. Central Expressway, Suite 1150, Dallas, Texas, 75243.

## JURISDICTION AND VENUE

5. This Court has jurisdiction because this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051–1141 (the "Lanham Act"), and jurisdiction is proper in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b). Jurisdiction for the Texas statutory and common law claims is proper in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court under: (a) 28 U.S.C. § 1391(a) because BP Prod. resides in this judicial district; or (b) 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

### BP and Its Use of the BP Mark

7. BP is engaged in the business of producing, developing, and supplying oil and gas, marketing gasoline, diesel fuel, and other petroleum products, and related goods and services in the energy, oil, and gas industries ("BP Goods and Services") throughout the United States.

8. Since long before BP Prod.'s acts complained of herein, BP has used its BP name and mark (the "BP Name and Mark") in Texas and throughout the United States in connection with the BP Goods and Services.

9. Since long before BP Prod.'s acts complained of herein, the BP Name and Mark has been famous among the general consuming public of the United States in connection with the BP Goods and Services.

10. BP owns federal registrations issued by the United States Patent and Trademark Office for its BP mark in a variety of formats (collectively, the "BP Mark") and for a variety of goods and services, including the following federal registrations:

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| BP | 893,036 | 6/16/1970 | Operation of automobile service stations, refueling and supplying lubricating oils and greases to aircraft and marine vessels. |
| BP | 902,807 | 11/17/1970 | Credit financing services for automobile service stations, marine and aviation terminals, specifically, for extending credit card services to others. |
| BP | 928,078 | 2/1/1972 | Gas, other than fuel gas, derived from petroleum, namely, liquefied petroleum gas and hydraulic fluids, not being oils. |
| BP | 928,128 | 2/1/1972 | Industrial oils, other than edible oils and fats and essential oils, and fuels, all being goods derived from petroleum. |
| BP & Helios Design | 3,515,941 | 7/29/2008 | Fuel for motor vehicles, namely, gasoline and diesel fuel; motor oils; Providing automatic vehicle washing services; automobile maintenance and repair services and automobile service station services; Café and snack bar services; restaurant services and carry-out restaurant services. |
| BP | 4,128,850 | 4/17/2012 | Automobile service stations; refueling and lubrications services for aircraft. |

All of these registrations are valid and subsisting. In addition, Reg. Nos. 893,036; 902,807; 928,078; 928,128; and 3,515,941 are incontestable and constitute conclusive evidence of the validity of the marks and of BP's ownership of and exclusive right to use the BP Mark subject to these registrations for the goods and services specified therein. 15 U.S.C. §§ 1065, 1115(b). Reg. No. 4,128,850 also constitutes *prima facie* evidence of the validity of the BP Mark and BP's ownership of and exclusive right to use the marks for the listed services. 15 U.S.C. § 1057(b).

-3-

11. BP has sold billions of dollars of BP Goods and Services in the United States under the BP Name and Mark.

12. BP has spent many hundreds of millions of dollars promoting and advertising the BP Goods and Services under the BP Name and Mark.

### BP Prod.'s Unauthorized Use of the BP Mark

13. BP Prod. is engaged in support activities for oil and gas field operations.

14. In September 2012, BP became aware of the existence of BP Prod. and its unauthorized use of the BP Name and Mark.

15. On information and belief, third parties referred to BP Prod. as "BP Products Corp.," "BP Production Corp." and "BP Productions Corp."

16. BP's customers actually confused BP Prod. for BP and misdirected payments to BP Prod. that were meant for BP.

## PRIOR LITIGATION AND SETTLEMENT

17. On January 29, 2013, BP filed a seven-count complaint against BP Prod., alleging trademark infringement, unfair competition, and dilution under the Lanham Act, as well as violations of related Texas state laws. The matter was assigned Case No. 3:13-cv-00380-D and was adjudicated before Judge Sidney A. Fitzwater.

18. After about a year of litigation, the parties entered into a confidential settlement agreement, which had an Effective Date of January 24, 2014. On January 31, 2014, BP filed a Stipulation for Dismissal, and the Court terminated the case.

19. This settlement agreement required [REDACTED]

██████████████████████████████████████████████████████████

██████████████████████████████████████████

**BP PROD.'S BREACH OF THE SETTLEMENT AGREEMENT AND INFRINGEMENT**

20.      ██████████████████████████████████████████████████

████████████████  ████████████████████████████████████████

██████████████████████████████████████

21.      BP has located recent uses by BP Prod. of the BP Name and Mark. For example, in September 2015 BP Prod. ran an advertisement in The Daily Ardmoreite newspaper in Ardmore, Oklahoma, in which it offered for sale a parcel of commercial real estate using the name BP Prod. Corp. (*See* Exhibit A.) In addition, Louis Leutwyler, who is the president of BP Prod. Corp., lists his title as "President at B P prod corp" on his LinkedIn profile. (*See* Exhibit B.)

22.      Under the terms of the settlement agreement, BP notified BP Prod. of its breach. BP Prod., however, did not cure its breach of the settlement agreement and has not cured its breach despite BP's repeated attempts to resolve this breach short of involving this Court.

23.      BP Prod.'s acts have been with the intent to trade on the goodwill of the BP Name and Mark or in reckless disregard of BP's rights in the BP Name and Mark.

24.      On information and belief, BP Prod.'s acts have been with the intent to misdirect customers and potential customers to BP Prod. at the expense of BP's reputation.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**IN VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114**

25.      BP re-alleges paragraphs 1 through 24, as if fully alleged herein.

26. BP Prod.'s aforesaid use of the BP Name and Mark is likely to cause confusion, mistake or deception with BP or the goods and services sold under the BP Name and Mark, or to result in the mistaken belief by consumers that BP Prod. is connected with, sponsored by or approved by BP.

27. BP Prod.'s aforesaid use of the BP Mark constitutes infringement of BP's registered BP Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. BP Prod.'s acts greatly and irreparably damage BP and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

### COUNT II
### UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

29. BP re-alleges paragraphs 1 through 9 and 11 through 24, as if fully alleged herein.

30. BP Prod.'s aforesaid use of the BP Name and Mark falsely represents that BP Prod. is affiliated, connected or associated with, or sponsored or approved by BP in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. BP Prod.'s acts greatly and irreparably damage and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

### COUNT III
### DILUTION IN VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

32. BP re-alleges paragraphs 1 through 24, as if fully alleged herein.

33. The BP Mark is famous among the general consuming public of the United States as a designation of source of BP Goods and Services, and achieved that fame prior to the acts of BP Prod. complained of herein.

34. BP Prod.'s acts are likely to injure BP's valuable business reputation and goodwill and are likely to dilute the distinctiveness of the famous BP Mark.

35. On information and belief, BP Prod.'s acts of dilution and tarnishment were intentional and willful.

36. BP Prod.'s acts constitute dilution and tarnishment of BP's famous BP Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37. BP Prod.'s acts greatly and irreparably damage BP and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

## COUNT IV
## DILUTION IN VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE SECTION 16.103

38. BP re-alleges paragraphs 1 through 9 and 11 through 24, as if fully alleged herein.

39. The BP Mark is famous and distinctive among the public throughout the State of Texas as a designation of source of BP Goods and Services, and achieved that fame prior to the acts of BP Prod. complained of herein.

40. BP Prod.'s acts are likely to injure BP's valuable business reputation and goodwill and are likely to dilute the distinctiveness of the famous BP Mark.

41. On information and belief, BP Prod.'s acts of dilution and tarnishment were intentional and willful.

42. BP Prod.'s acts constitute dilution and tarnishment of BP's famous BP Mark in violation of Texas Business and Commerce Code Section 16.103.

43. BP Prod.'s acts greatly and irreparably damage BP and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

## COUNT V
## MISAPPROPRIATION IN VIOLATION OF TEXAS COMMON LAW

44. BP re-alleges paragraphs 1 through 9 and 11 through 24, as if fully alleged herein.

45. BP has devoted considerable time, labor, and money creating the value of the BP Name and Mark.

46. On information and belief, BP Prod.'s use of the BP Name and Mark is in competition with BP's own use.

47. On information and belief, BP Prod. has benefited from the use of the BP Name and Mark insofar as it bore little or no burden or expense in developing its own valuable marks.

48. BP Prod.'s acts constitute trade name misappropriation of BP's famous BP Name and Mark in violation of Texas common law.

49. BP Prod.'s acts have caused commercial damage to BP and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

### COUNT VI
### SIMULATION IN VIOLATION OF TEXAS COMMON LAW

50. BP re-alleges paragraphs 1 through 9 and 11 through 24, as if fully alleged herein.

51. On information and belief, BP Prod.'s use of the BP Name and Mark is in competition with BP's own use.

52. BP Prod.'s actions have been in such a manner as is calculated to deceive the public and cause the public to do business with BP Prod. when they have intended to and would otherwise have traded with BP.

53. BP Prod.'s acts constitute simulation of BP's famous BP Name and Mark in violation of Texas common law.

54. BP Prod.'s acts greatly and irreparably damage BP and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

## COUNT VII
## USE OF A SIMILAR TRADE NAME IN VIOLATION OF TEXAS COMMON LAW

55. BP re-alleges paragraphs 1 through 9 and 11 through 24, as if fully alleged herein.

56. BP Prod.'s aforesaid use of the BP Name and Mark is likely to cause confusion, mistake or deception with BP or the goods and services sold under the BP Name and Mark, or to result in the mistaken belief by consumers that BP Prod. is connected with, sponsored by or approved by BP.

57. BP Prod.'s acts constitute use of a similar trade name in violation of Texas common law.

58. BP Prod.'s acts greatly and irreparably damage BP and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

## COUNT VIII
## BREACH OF CONTRACT IN VIOLATION OF TEXAS COMMON LAW

59. BP re-alleges paragraphs 1 through 24, as if fully alleged herein.

60. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

61. BP has performed its duties under the settlement agreement, and is in compliance with the settlement agreement.

62. BP notified BP Prod. of its breach of the settlement agreement pursuant to the terms of this agreement. BP Prod., however, did not remedy its breach of the settlement agreement after BP informed BP Prod. of its violations, although BP repeatedly attempted to resolve this breach short of involving this Court.

63. BP Prod.'s acts constitute breach of contract in violation of Texas common law.

64. BP Prod.'s acts greatly and irreparably damage BP and will continue to so damage BP unless restrained by this Court; wherefore, BP is without an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, BP prays that:

1.  BP Prod., and its officers, agents, servants, employees, attorneys, and all others in active concert and participation with any of them, including but not limited to Louis Leutwyler, Frank Leutwyler, Mike LaPointe, and Jonathan Thomas, individually and collectively, be preliminarily and permanently enjoined from:

> (a)  using the name and marks BP, BP Products, BP Production, BP Productions, BP Prod. Corp., or any name or mark that incorporates "BP" or that simulates or is otherwise likely to cause confusion with the BP Name and Mark;
>
> (b)  using any other mark or trade dress owned by BP or any other colorable imitation of such marks, or any other mark in a manner that is likely to confuse, mislead or deceive others into believing that BP Prod. or its products emanate from, or are connected with, sponsored by or approved by BP;
>
> (c)  doing any other act or thing likely to confuse, mislead or deceive others into believing that BP Prod. or the goods and services sold, distributed, or emanating from properties under BP Prod.'s control are connected with, sponsored by or approved by BP; and
>
> (d)  assisting, aiding, or abetting any other person or entity in engaging in any of the activities prohibited in paragraphs (a) through (c).

2.  BP Prod., and all others holding by, through or under BP Prod., be required, jointly and severally, to:

> (a)  account for and pay over to BP all profits derived by BP Prod., together with prejudgment interest, from their acts complained of herein in accordance with 15

U.S.C. § 1117(a) and the laws of the State of Texas and BP asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

  (b) pay to BP the amount of actual damages suffered by BP together with prejudgment interest, as a result of BP Prod.'s acts complained of herein in accordance with 15 U.S.C. § 1117(a) and BP asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a);

  (c) pay to BP the costs of this action, together with reasonable attorneys' fees, in accordance with 15 U.S.C. § 1117(a);

  (d) change the "BP Prod. Corp." name registered with the Texas Secretary of State to a name that does not incorporate the term "BP" or any colorable imitation thereof;

  (e) deliver up for destruction all labels, signs, advertisements and the means of making the same in BP Prod.'s possession which bear the names and marks BP, BP Products, BP Production, BP Prod. Corp. or any name, mark, or trade dress that simulates the BP Name and Mark and/or any other mark owned by BP in accordance with 15 U.S.C. § 1118; and

  (f) file with this Court and serve on BP a report in writing under oath setting forth in detail the manner and form in which they have complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116(a).

3. BP be granted such other and further relief as the Court deems just.

Respectfully submitted,

Date: December 8, 2015

/s/ Seth M. Roberts
Seth Roberts
State Bar No. 24051255
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8453
Fax: (214) 756-8800
E-mail: sroberts@lockelorde.com

Jonathan S. Jennings (*pro hac vice* to be filed)
Phillip Barengolts (*pro hac vice* to be filed)
PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
200 South Wacker Drive
Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Fax: (312) 554-8015
E-mail: pb@pattishall.com; jsj@pattishall.com

*Attorneys for Plaintiffs*